PER CURIAM.
In her application for rehearing appellee states that we reversed the judgment of the trial court on the grounds of unauthorized use of summary proceedings and challenges our right to do so in view of the fact that appellants did not file a dilatory exception of unauthorized use of summary proceeding and thereby waived that objection pursuant to LSA-C.C.P. Art. 926. We did not reverse on that ground but rather on the ground that the judgment, to the extent that it ordered that the partition by Imitation be allowed, was not responsive to the pleadings at that time.
To further elucidate on the status of the pleadings, when this rule was tried appel-lee’s original petition did not encompass a summary proceeding in the first instance. The prayer of her petition was that appellant be cited and served, that there be judgment in her favor after due proceedings. She further prayed that the property be partitioned by licitation, that the sale of the property be conducted at public auction and that a notary of the parish be appointed to affect the partition. The record shows that the matter was submitted on argument of counsel, but there is no record of any evidence being taken or any stipulations of fact. Art. 4605 contemplates a trial at which evidence is adduced on the basis of which the court makes the determination as to whether or not plaintiff is entitled to a partition of the property.
Furthermore, the order attached to the petition for partition setting the rule for trial on August 31, was later continued to September 17, on which date exceptions were filed. The exceptions only were fixed for trial on October 8, and the judgment appealed from was rendered after the October 8 trial of the exceptions. Indeed, the judgment itself referred to an October 8 hearing on the exceptions, which was the only matter set for trial on that date.
We adhere to our original opinion and the rehearing is denied.
REHEARING DENIED.